## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANA DEVINCENZO, | : | CIVIL ACTION NO. |
| | : | 1:24-CV-00371-SES |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CATHERINE HERSHEY | : | |
| SCHOOLS FOR EARLY | : | |
| LEARNING | : | |
| and | : | |
| | : | |
| MILTON HERSHEY SCHOOL, | : | |
| | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CIVIL ACTION COMPLAINT

Defendants, Catherine Hershey Schools for Early Learning ("CHS") and

Milton Hershey School ("MHS") (collectively the "Defendants"), by and through

their attorneys, submit the following as their Answer and Affirmative Defenses to

Plaintiff's First Amended Civil Action Complaint ("Complaint") in the above-

captioned matter. Each paragraph of the Third Defense corresponds to the same-

numbered paragraph of the Complaint.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff was not employed by either Defendant CHS or Defendant MHS. Instead, Plaintiff was employed by non-party Catherine Hershey Schools for Early Learning, Hershey, LLC ("CHS, Hershey"). Plaintiff has, thus, not brought suit against the entity by whom she was actually employed.

There are stark legal and factual differences between MHS, CHS, and CHS, Hershey. As a matter of corporate structure, CHS is a subsidiary/affiliate of MHS. CHS has a separate corporate existence as a Pennsylvania non-profit corporation, with its own Board of Directors and By-Laws. CHS, in turn, is the holding company/owner of six early childhood education centers ("ECEC"), including CHS, Hershey. CHS, Hershey is itself a limited liability company under Pennsylvania law.

CHS, Hershey is responsible for its own day-to-day operations, including hiring staff and faculty, assigning and directing work, student admissions, supervising its employees, imposing discipline on employees, evaluating employee performance and other relevant operational and administrative duties and

2

responsibilities. Per the corporate structure, CHS, Hershey runs its school from a daily operational and administrative standpoint.

CHS, Hershey is separate entity from Defendant MHS and Defendant CHS. These entities are distinct, and no joint employment relationship exists between CHS, Hershey and either of the Defendants named in this suit.

## THIRD DEFENSE

1.     Admitted in part and denied in part. Defendants admit only that Plaintiff initiated an action against them. The remaining allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required. If, and to the extent that a response is deemed required, Defendants deny these allegations of this paragraph and demand strict proof thereof. By way of further response, see Second Defense, above.

2.     The allegations contained in Paragraph 2 of the Complaint are legal conclusions to which no response is required. If, and to the extent that a response is deemed required, Defendants deny the allegations of this Paragraph and demand strict proof thereof.

3.     The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required. If, and to the extent that a response is deemed required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

116869882.1

4.    The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

5.    The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  By way of further response, Plaintiff failed to satisfy all administrative exhaustion prerequisites to filing suit. Upon information and belief, Plaintiff filed the charge of discrimination and the EEOC transferred the charged to the Pennsylvania Human Relations Commission ("PHRC") and later, at Plaintiff's request, issued a "right to sue" letter.   Plaintiff has failed to allow the EEOC to satisfy its statutorily designed duties by seeking and obtaining a right to sue letter before the EEOC completed the required administrative investigation of her claims, and her claims are therefore barred and should be denied and dismissed.

6.    Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

7.    Admitted in part and denied in part.  Defendants admit Plaintiff is an adult individual.  Defendants are without knowledge and information sufficient to

4

form a belief as to the truth of the remaining allegations in Paragraph 7; therefore, Defendants deny the same and demand strict proof thereof.

8.    Admitted in part and denied in part.  Defendants admit that MHS is a private, residential school in Hershey, Pennsylvania for K-12 students.

9.    Admitted that CHS is an affiliate/subsidiary of MHS as a matter of corporate structure.  It is also admitted CHS serves children from six weeks to age 5, providing weekday education and care while connecting families with the resources needed to succeed—with all costs covered.

10.    The allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.   See Second Defense, above. By way of further response, Defendant MHS and Defendant CHS specifically deny that they are, or could legally be considered to be, a single and/or joint employer.

11.    The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  See Second Defense, above. By way of further response, Plaintiff has not identified any specific employee or action in this paragraph that would allow Defendants to formulate a specific response.  While Defendants deny that any employee of either Defendant acted improperly or unlawfully, if an employee is found to have acted improperly or

5

unlawfully, that employee was acting outside the scope of his or her employment with such Defendant, was not acting in furtherance of the business of the Defendant and was not actuated by a purpose to serve the Defendant.

12. Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

13. Denied. The allegations in Paragraph 13, including any insinuation that Plaintiff was employed by MHS or CHS, is denied and strict proof thereof is required. By way of further response, Defendants state that Plaintiff was hired by CHS, Hershey as her employer on or about September 6, 2022, in the position of Health Service Manager for CHS, Hershey, and that Plaintiff remained in such position until she elected to resign from employment with CHS, Hershey on or about February 15, 2023.

14. Denied as stated. As the CHS, Hershey Health Services Manager, Plaintiff reported to Melissa Ilski as the CHS, Hershey Center Director. Ms. Ilski replaced Ann Papero as the CHS, Hershey Center Director in December, 2022, after Ms. Papero resigned.

15. Denied. Defendants specifically deny that Plaintiff was employed by MHS or CHS, see Second Defense, above. By way of further response, Defendants deny that Plaintiff was a hardworking employee who performed her job well and demand strict proof thereof.

6

16.    Admitted.

17.    Denied.

18.    and 18(a)-(l).  Admitted in part and denied in part.  Defendants deny that Plaintiff was employed by either MHS or CHS and deny that she witnessed and was subjected to discrimination because of her race.  As to Plaintiff's alleged non-exclusive list of examples, Defendants admit only that, during Plaintiff's employment with CHS, Hershey, she did receive a $2,500 salary increase (see 18(j)), and that Ann Papero (at the time CHS, Hershey Center Director) read excerpts from a book by children's author Jacqueline Woodson (see 18(a)).  That book is a writing that speaks for itself; however, Defendants deny that either the receipt of the salary increase, or the reading of the children's book, were in any manner offensive or discriminatory.  Defendants deny the remaining allegations in Paragraph 18(a)-(l) and demand strict proof thereof.  By way of further response, Defendants state that all actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons which were not pretextual.  Plaintiff was not treated differently or held to a different standard than other CHS, Hershey employees. Plaintiff was not subject to any manner of discrimination, hostile work environment, or retaliation.

19.    Denied.

116869882.1

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, deny same and demand strict proof thereof.

21.     Admitted in part and denied in part.  Defendants admit only that Plaintiff was provided a letter dated December 12, 2022.  That letter is a writing that speaks for itself.  The remaining allegations of paragraph 21 are denied and strict proof is required.

22.     The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way.  By way of further response, Plaintiff elected to resign from employment with CHS, Hershey on February 15, 2023.

23.     Defendants admit that Plaintiff was called at home on February 15, 2023, to discuss her employment status with CHS, Hershey and this occurred because Plaintiff failed to attend the original in-person meeting scheduled for February 14, 2023.  The remaining allegations of Paragraph 23 are denied.

24.     Denied as stated.  By way of further response, in early February 2023, CHS, Hershey advised Plaintiff of her performance problems, disconnect and

misalignment of her skill set/qualification and position, and the fact that her role as Health Services Manager was not working out.

25.     Admitted in part and denied in part.  Defendants admit that CHS, Hershey presented Plaintiff with a proposal for transition assistance and a general release agreement, and she rejected that proposal.  The remaining allegations contained in Paragraph 25 are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.

26.     The allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination, hostile work environment, or retaliation in any way.

27.     The allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that race was a motivating/determinative factor in any decisions by Defendants, and deny that Plaintiff was subjected to discrimination or retaliation in any way. By way of further response, see Second Defense, above.

9

28.     The allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way, including as a result of a health condition or request for accommodation.

29.     The allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff has suffered any loss.  Plaintiff is not entitled to damages.

30.     Denied.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31; therefore, Defendants deny the same and demands strict proof thereof.

32.     Denied.

33.     Denied.

34.     The allegations contained in Paragraph 34 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny Plaintiff was subjected to discrimination, hostile work environment, or retaliation in any way.

10

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35; therefore, Defendants deny the same and demand strict proof thereof.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36; therefore, Defendants deny the same and demand strict proof thereof.

37.     The allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny they failed to accommodate Plaintiff and deny that Plaintiff was subjected to discrimination or retaliation in any way.  By way of further response, Plaintiff elected to resign from employment with CHS, Hershey on February 15, 2023.

38.     The allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way; indeed, neither MHS nor CHS employed Plaintiff, see Second Defense, above.  By way of further response, Plaintiff elected to resign from employment with CHS, Hershey on February 15, 2023.

116869882.1

39.     The allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way.

40.     The allegations contained in Paragraph 40 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way.

41.     Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

42.     The allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile work environment.  By way of further response, neither MHS nor CHS employed Plaintiff, see Second Defense, above.

43.     The allegations contained in Paragraph 43 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile

12

work environment.  By way of further response, neither MHS nor CHS employed Plaintiff, see Second Defense, above.

44.     Denied.  By way of further response, Plaintiff resigned her employment with CHS, Hershey on or about February 15, 2023, and was not terminated for a pretextual reason.

45.     The allegations contained in Paragraph 45 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile work environment.

46.     Denied.  By way of further response, race was not a motivating and/or determinative factor in the termination of Plaintiff's employment.  See Response to Paragraph 44, above.  Additionally, Plaintiff was not employed by or terminated by MHS or CHS, see Second Defense, above.

47.     The allegations contained in Paragraph 47 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations and deny that either of them has violated Title VII.

48.     Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

116869882.1

49.     The allegations contained in Paragraph 49 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile work environment.  By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS.  See Second Defense, above.

50.     The allegations contained in Paragraph 50 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile work environment.  By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS.  See Second Defense, above.

51.     The allegations contained in Paragraph 51 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  By way of further response, Plaintiff resigned her employment with CHS, Hershey on or about February 15, 2023, and was not terminated for a pretextual reason.

52.     The allegations contained in Paragraph 52 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny

14

that Plaintiff was in any way subjected to discrimination, retaliation, or a hostile work environment. By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS. See Second Defense, above.

53.     Denied. By way of further response, Plaintiff resigned her employment with CHS, Hershey on or about February 15, 2023, and was not terminated for a pretextual reason.

54.     The allegations contained in Paragraph 54 of the Complaint are legal conclusions to which no response is required. If, and to the extent that a response is deemed required, Defendants deny the allegations and deny that either has violated Section 1981.

55.     Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56; therefore, Defendants deny the same and demands strict proof thereof.

57.     Denied. By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS. See Second Defense, above.

58.     Denied. By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS. See Second Defense, above.

15

59.     Denied.  By way of further response, Defendants state that Plaintiff never made any request for a reasonable accommodation while employed by CHS, Hershey.  See also Second Defense above.

60.     Denied.  By way of further response, Plaintiff resigned her employment with CHS, Hershey on or about February 15, 2023, and was not terminated by CHS, Hershey for a pretextual reason.

61.     The allegations contained in Paragraph 61 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations and demand strict proof thereof.  By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS.  See Second Defense, above.

62.     The allegations contained in Paragraph 62 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation in any way.  By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS.  See Second Defense, above.

63.     Denied.  By way of further response, Plaintiff was not employed by either Defendant MHS or Defendant CHS.  See Second Defense, above.

16

64.     The allegations contained in Paragraph 64 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations and deny that they have violated the ADA.

65.     Defendants incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

66.     The allegations contained in Paragraph 66 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations.

67.     The allegations contained in Paragraph 67 of the Complaint are legal conclusions to which no response is required.  If, and to the extent that a response is deemed required, Defendants deny the allegations and deny that they have violated the PHRA.

With respect to the unnumbered paragraph and those labeled A-F after paragraph 67 of the Complaint, Defendants deny that Plaintiff is entitled to judgment against them and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendants are not liable to Plaintiff.  In any event, Plaintiff was not employed by Defendants.

17

## FOURTH DEFENSE

CHS, Hershey was Plaintiff's employer and Plaintiff was an employee-at-will of CHS, Hershey, and employed without a contract of any specified term or duration. Neither CHS nor MHS was a joint employer of Plaintiff as a matter of the facts and/or the law at any time or under any circumstances.

## FIFTH DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Defendants did not discriminate against and did not retaliate against Plaintiff. Defendants did not violate any of Plaintiff's rights or harm her in any way. To the contrary, Defendants at all times acted lawfully toward Plaintiff.

## SEVENTH DEFENSE

All actions taken by Defendants with respect to Plaintiff were made in good faith, without malice, ill-will or reckless indifference and were not willful or outrageous. Defendants had reasonable grounds for believing that each of their conduct did not violate any laws.

116869882.1

## EIGHTH DEFENSE

Plaintiff's own conduct caused or otherwise contributed to the actions of which she now complains. Plaintiff assumed the risk of her own conduct in this matter.

## NINETH DEFENSE

Plaintiff is not entitled to any of the relief prayed for in the Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful violation of law or statute occurred. At all times, Defendants exhibited good faith efforts to comply with the Title II of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 1981 ("Section 1981"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").

## TENTH DEFENSE

No employee, servant or agent of either Defendant had at any time, actual, ostensible, or apparent authority or agency to discriminate against Plaintiff, retaliate against Plaintiff or otherwise harm Plaintiff.

## ELEVENTH DEFENSE

To the extent that any employee of either Defendant acted improperly or unlawfully, that employee was acting outside the scope of his or her employment with such Defendant, was not acting in furtherance of the business of that Defendant and was not actuated by a purpose to serve that Defendant.

116869882.1

## TWELFTH DEFENSE

Defendants would have taken the same actions and made the same decisions with respect to Plaintiff even in the absence of an alleged retaliatory motive.

## THIRTEENTH DEFENSE

Defendants acted in good faith and did not violate any rights Plaintiff may be entitled to under federal or state laws, rules, regulations or guidelines.

## FOURTEENTH DEFENSE

Upon information and belief, and subject to discovery, Plaintiff has failed to mitigate her damages.

## FIFTEENTH DEFENSE

Plaintiff is not disabled under the ADA and/or the PHRA.  And, Plaintiff was not a qualified individual with a disability as defined by the ADA and/or the PHRA.

## SIXTEENTH DEFENSE

Defendants did not fail to reasonably accommodate Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff failed to engage in the interactive process relating to reasonable accommodations mandated by the ADA and/or the PHRA.

116869882.1

## EIGHTEENTH DEFENSE

Plaintiff's injuries, damages and other losses alleged to have been suffered as a result of this incident may have pre-existed the date of this incident.

## NINETEENTH DEFENSE

Any acts or omissions by either Defendant were not outrageous, reckless or willful.

## TWENTIETH DEFENSE

Plaintiff did not engage in any protected activity.

## TWENTY FIRST DEFENSE

Actions taken or decisions made by either Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons which were not pretextual.

## TWENTY SECOND DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy the statutory and/or administrative prerequisites for bringing suit.

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are beyond the scope of any administrative charge filed by Plaintiff with any administrative agency.

116869882.1

## TWENTY FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies (and satisfy all administrative prerequisites) before bringing this action and her claims are barred and should be denied and dismissed. Plaintiff has failed to allow the EEOC to satisfy its statutorily designed duties by seeking and obtaining a right to sue letter before the EEOC completed the required administrative investigation of her claims and her claims are therefore barred and should be denied and dismissed.

## TWENTY FIFTH DEFENSE

There is no right to a jury trial under the PHRA. Likewise, punitive damages are unavailable under the PHRA.

## TWENTY SIXTH DEFENSE

Defendants deny all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer and Affirmative Defenses.

116869882.1

WHEREFORE, Defendants, Catherine Hershey School for Early Learning and Milton Hershey School, request that judgment be entered in their favor and against Plaintiff, Deana Devincenzo, and that they be awarded attorneys' fees, costs and expenses incurred in defense of this action.

Respectfully Submitted,

*/s/ Mark A. Fontana*

Mark A. Fontana, Esq.
PA ID 37602
Kevin M. Skjoldal, Esq.
PA ID 200841
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
mfontana@eckertseamans.com
kskjoldal@eckertseamans.com
(717) 237-6000

Dated:  July 22, 2024

*Counsel for Defendants, Catherine Hershey School for Early Learning and Milton Hershey School*

116869882.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of July, 2024, a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon counsel by way of the Court's Electronic Filing System as follows:

Ari R. Karpf, Esquire
Karpf, Karpf & Cerutti, P.C.
Two Greenwood Square, Suite 128
3331 Street Road
Bensalem, PA  19020
akarpf@karpf-law.com


*/s/ Mark A. Fontana*
Mark A. Fontana